UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE CURTIS WILSON,<br>　　　　Petitioner,<br>　　v.<br>RALPH DIAZ, et al.,<br>　　　　Respondents. | Case No. 20-cv-06327-JD<br><br>**ORDER OF DISMISSAL** |

Willie Wilson, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

In 1986, Wilson was found guilty of first-degree murder and robbery. Docket No. 1 at 27. He was sentenced to an indeterminate term of 31 years to life in state prison. *Id*. On November 27, 2018, the Board of Parole Hearings ("BPH") denied parole for seven years. *Id*.

## DISCUSSION

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting

each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Wilson argues in the amended petition that: (1) he was improperly transferred to a different prison before the BPH hearing, in violation of California regulations; (2) the lower state courts erred in reviewing his petitions; (3) he was denied the right to confront witnesses; and (4) his seven year parole denial was too long in violation of state and federal law.

To the extent Wilson argues that state law or state regulations were violated, he is not entitled to federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."). Nor is Wilson entitled to relief for his challenge to the denial of parole. In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court explained that, in the context of parole, its earlier cases had "held that the procedures required are minimal." The Court earlier had "found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id*. As long as the petitioner received at least that much process, the federal court's habeas review is at an end. *Id*.

The state court reviewed the parole denial records and found that there was some evidence to support the BPH denial. Docket No. 1 at 27-49. There is no evidence or allegations that Wilson was denied an opportunity to be heard or denied a statement for the reasons why parole was denied. Nor has Wilson exhausted such a claim. Wilson was already provided leave to amend but no amount of further amendment will cure the deficiencies in the petition. The petition is dismissed without leave to amend.

**CONCLUSION**

1. This action is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**.

2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: December 18, 2020

_____
JAMES DONATO
United States District Judge